FILED _____ ENTERED
LODGED _____ RECEIVED

AUG 22 2005  ES

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

SANDRA AHERN,

    Plaintiff,

v.

KENNETH COLE SERVICES, INC., KENNETH COLE PRODUCTIONS, INC. and GROUP SHORT TERM DISABILITY PLAN FOR EMPLOYEES OF KENNETH COLE SERVICES, INC.; an ERISA plan; HARTFORD-COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY; and Does 1-10,

    Defendants.

Case Number: C05-1439 MJP

COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN AND FOR OTHER RELIEF



05-CV-01439-CMP

**COMES NOW PLAINTIFF** Sandra Ahern, through the undersigned counsel, and for claims against defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under and jurisdiction of this Court is conferred by §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the civil enforcement provisions of ERISA, 29 USC § 1132; Federal question jurisdiction applies pursuant to 28 USC § 1331. This Court has subject matter jurisdiction of this

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 1

ORIGINAL

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644

Case 2:05-cv-01439-MJP   Document 1   Filed 08/22/05   Page 2 of 7

dispute and venue is properly laid in this Court without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B), (e)(1), (e)(2) and (f).

2. This is a civil action for failure to pay benefits under short term and long term disability plans; for imposition of penalties under 29 USC §1132(c)(1); and for declaratory relief, *viz.*, a judgment declaring that that pursuant to applicable law in the premises, this Court's review of the administrative record is to be made upon a *de novo* standard of review.

## PARTIES

3. Plaintiff is a United States citizen and at all times material was a resident of King County, Washington. She is employed as a store manager for Kenneth Cole Services, Inc. and Kenneth Cole Productions, Inc. (hereinafter collectively "Cole"), which store is located in downtown Seattle, Washington. Plaintiff became disabled on or about October, 2003, and remains disabled to the present.

4. As an employee of Cole, plaintiff was and is eligible for the protection and benefits of a short term disability plan. Plaintiff is a "participant," as defined by ERISA §3(7), 29 U.S.C. § 1002(7), of the Cole "Short Term Disability Plan, Plan Number GRH-071056," ("Plan" or "Cole Plan"). Upon information and belief, plaintiff further is a "participant" as defined by ERISA, of one or more Cole Long Term Disability Plans, and under one or more of said Plans, plaintiff has been and continues to be entitled to long term disability benefits.

5. Kenneth Cole Services, Inc. and/or Kenneth Cole Productions, Inc. owns and/or operates retail clothing stores in the United States, including a retail store located in Seattle, King County, State of Washington. The Cole Plan is an "employee welfare benefit

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 2

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644

plan" pursuant to ERISA § 3(1), 29 U.S.C. §1002(1). The Employer/Plan Sponsor, and the Plan Administrator is Kenneth Cole Services, Inc. ("Cole Services").

6.  Defendant Hartford-Comprehensive Employee Benefit Services Company ("Hartford") is Claims Evaluator on behalf of Cole and Cole Services for purposes of claims procedures and decision making under the Plans. Plaintiff is unaware of the true names and capacities of Does 1-10 and therefore has named such defendants by such fictitious names. Plaintiff will ask leave of this Court to amend this complaint to state the true names and capacities of the Doe defendants once the same are ascertained.

## FACTS

7.  Plaintiff was hired by and began working for Cole in May, 2002 as a store manager at Cole's retail store located in Seattle, King County, Washington. Both short term and long term disability benefits as hereinabove alleged were among the employment benefits offered by Cole and accepted by Plaintiff.

8.  On or about October, 2003, plaintiff became disabled and went on disability leave from Cole. Plaintiff applied for and received approximately six weeks short term disability pay benefits. Cole's Plan carrier/evaluator/administrator, Hartford, however, terminated plaintiff's benefits on November 23, 2003 and has refused in bad faith to pay any benefits to plaintiff since that time. By terms of the Plan, plaintiff is entitled to another twenty weeks of short term disability benefits payments. Further, upon information and belief, following expiration of short term disability limit, plaintiff became and continues to be eligible to receive long term disability benefits commencing on or about May 1, 2004 and continuing through the present.

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 3

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644

9. Plaintiff treated for her disability with her primary care physician, who in the fall of 2003 determined that plaintiff was fully disabled from illnesses and sickness, which diagnoses consisted, *inter alia*, of sprue (allergy to wheat), B12 and other vitamin deficiencies due to malabsorption problems, and severe osteoporosis.

10. In a letter dated February 6, 2004, Hartford denied any further benefits under the Plan. In said letter, Hartford correctly stated that under the Plan "Totally Disability or Totally Disabled means that you are prevented by ... 2. Sickness ... from performing the essential duties of your occupation...." From November 25, 2003 through March 31, 2004, plaintiff's primary physician, her counsel, and others provided Hartford with detailed information, letters, Hartford questionnaire forms and other records documenting plaintiff's disability from several illnesses or sicknesses, establishing plaintiff's disability even more strongly than when Hartford had accepted and commenced short term disability benefits to plaintiff; Hartford however refused to reinstate benefit payment to plaintiff under the Plan.

11. Plaintiff through counsel in a letter dated March 31, 2004 supplied further medical information documenting plaintiff's disability, and further said letter requested from Hartford a complete copy of all documents, records and other information relative to plaintiff's disability claim, whether or not relied upon in making claim decisions, as well as a complete copy of the subject Hartford Group Plan No. GRH 071056 of which plaintiff is a beneficiary.

12. Despite several follow up written requests for the requested file records and policy copy that plaintiff is entitled to under ERISA within 30 days of the request made on March 31, 2004, Hartford failed to produce any of the requested records until August 5, 2004, approximately 91 days late, at which time it faxed a copy of the subject Plan only,

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 4

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644

and only several days before the expiration of the time for plaintiff to appeal Hartford's February 6, 2004 denial of plaintiff's claim. To the present, Hartford has failed to produce *any* of the plaintiff's administrative record as requested on March 31, 2004.

13. Plaintiff timely appealed the February 6, 2004 denial of her claim for benefits by way of Notice of Appeal letter, submitted to Hartford Appeal Unit August 5, 2004.

14. As to appellate procedure, the subject Plan states that a decision on an appeal will be made "no more than 60 days after receipt of the request for review, except in special circumstances (such as the need to hold a hearing), but in no case more than 120 days after the request for review is received." Plaintiff thus should have received a written decision on her appeal absolutely no later than approximately December 4, 2004. To date, defendants have not communicated any decision to plaintiff regarding her appeal and thus her appeal has been denied due to passage of time.

## CLAIMS

15. **Payment of Plan Benefits**. Pursuant to the Plan, ERISA and other federal law, plaintiff has been wrongfully denied the benefits due to her under the Plan relative to all remaining short term disability payments that have not been paid by defendants; further, plaintiff upon expiration of the twenty-six week term of short term disability payments under the Plan, plaintiff thereafter is entitled to long term disability payments under one or more plans provided by and administered by defendants, which defendants have not paid. Plaintiff has suffered economic loss as a result of the denial of her benefits due her, and has been required to hire attorneys to represent her in this matter to recover said benefits, incurring attorney fees and costs.

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 5

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644

16.     *De Novo* Review.  Plaintiff is entitled to review by this Court of her entire administrative record under the *de novo* standard of review as defendants have completely failed and continue to fail to meet any Plan deadlines and made no effort to meet Plan deadlines.  Any abuse of discretion standard that may otherwise applied under the Plan is inapplicable as there has been no exercise of discretion to which to defer, and passage of time has

17.     Sanctions.  Pursuant to ERISA §502(c), Department of Labor statutes and regulations and other applicable law, defendants are liable to plaintiff as participant/beneficiary under the Plan for failure to provide requested material within 30 days of March 31, 2004, in the amount of $100.00 per day, for the approximate 91 days tardiness in the case of providing a copy of the Plan, and which liability of $100.00 per day continues to the present, in the case of the other records requested on said date, but to date, defendants have failed and/or refused to provide to the plaintiff.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them as follows:

1.      For all benefits due her in the past and future under the Plan, as well as any applicable long term disability plan(s) under which she is entitled to benefits;

2.      For sanctions and assessments of $100.00 per day, and continuing through the present, from and after 30 days after March 31, 2004 for the failure of defendants administrators' failure to provide the documents and administrative records requested by plaintiff on said date;

3.      For a *de novo* review of the plaintiff's administrative record;

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 6

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644

4. For an award of plaintiff's reasonable attorneys fees and costs pursuant to ERISA §502(g) and other law as applicable, as well as interest on all unpaid benefits, assessments and any other liquidated amounts; and

5. For such other and further relief deemed just and equitable in the premises.

DATED this 22ND day of August, 2005.

*/s/ Patrick H. Brick*
Patrick H. Brick, WSBA #17987
Attorney for Plaintiff Sandra Ahern

COMPLAINT FOR BENEFITS AND
FOR OTHER RELIEF - 7

Patrick H. Brick, Attorney
500 Logan Building
500 Union Street
Seattle, WA 98101
(206) 282-8644